**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

CIVIL ACTION NO. 20-41-DLB-EBA

FREDDIE BREWER                                                                                          PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

**ALLIANCE COAL, LLC, et al.**                                                              DEFENDANTS

* * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the Court on Defendant Alliance Resource Operating Partners, L.P. ("AROP")'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 28). Plaintiff filed a Response (Doc. # 43), to which Defendant filed a Reply (Doc. # 44).[1] Accordingly, Defendant's Motion is ripe for the Court's review. For the reasons stated below, Defendant's Motion is **denied without prejudice**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Freddie Brewer brings this action on behalf of himself all others similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Defendants AROP, Alliance Coal, LLC ("Alliance Coal"), Alliance Resource Partners, L.P. ("ARLP"), Alliance Resource Management GP, LLC ("ARMG"), Excel

---

[1] Plaintiff also filed a Notice of Supplemental Authority drawing the Court's attention to the recent opinion in *Branson v. Alliance Coal*, a separate case against AROP involving claims under the FLSA for alleged violations at certain coal mines located in the Western District of Kentucky. (Doc. # 58). In that case, AROP similarly moved to dismiss the plaintiffs' complaint for lack of personal jurisdiction, and the court denied the motion without prejudice, permitting jurisdictional discovery to proceed. *See Branson*, No. 4:19-cv-155-JMH, 2021 WL 1031002 (W.D. Ky. Mar. 17, 2021). Defendant filed a Motion for Leave to Respond to Plaintiff's Notice of Supplemental Authority (Doc. # 64), which is hereby **granted**.

1

Mining, LLC ("Excel Mining"), and MC Mining, LLC ("MC Mining"), alleging that while employed as a coal miner for Defendants at the Excel Mine at the MC Mining Complex located in Pike County, Kentucky, Defendants engaged in various wage/hour and overtime violations. (Doc. # 1). More specifically, Plaintiff alleges that Defendants failed to compensate Plaintiff and similarly-situated employees for required work prior to and after their scheduled shifts and failed to take into account bonus compensation for overtime pay calculations. (*Id.* at ¶¶ 4-6, 29). Plaintiff also asserts claims under the Kentucky Wage and Hours Act. (*Id.* at ¶¶ 142-152).

The Complaint identifies Defendants Alliance Coal, AROP, ARLP, and ARMG as the parent entities that own and control Excel Mining and MC Mining. (*Id.* at ¶ 1). The Complaint also alleges that ARLP owns 98.9899% of the interest in AROP, which in turn owns 99.999% of the interest in Alliance Coal. (*Id.* at 2, n.1). Alliance Coal owns 100% of the interest in Excel Mining and MC Mining. (*Id.*). Defendant AROP seeks dismissal of the claims against it based on a lack of personal jurisdiction. (Doc. # 28-1). According to Defendant AROP, the court lacks general personal jurisdiction over it because it is incorporated in Delaware with a principal place of business in Oklahoma, and is therefore not "at home" in Kentucky. (*Id.* at 4). Defendant also asserts that specific personal jurisdiction over AROP is lacking because AROP has not purposefully availed itself of the privilege of acting in Kentucky, the allegations in the Complaint do not arise out of AROP's conduct in Kentucky, and there are no consequences flowing from AROP's conduct in Kentucky. (*Id.* at 5-6). In addition, Defendant argues that personal jurisdiction is lacking because Plaintiff has not demonstrated compliance with Kentucky's long-arm statute. (*Id.* at 5). Defendant's Motion to Dismiss is supported by the affidavit of R. Eberley Davis, an

2

officer of ARMG, which is the managing general partner of AROP. (Doc. # 28-2 at ¶ 1). The affidavit asserts that AROP does not have any officers or employees, does not have an office in Kentucky, and does not exercise control over Excel Mining employees, including with respect to policies regarding wage rates, work schedules, and overtime compensation. (*Id.* at ¶¶ 4-10).

In response, Plaintiff argues that AROP is essentially at home in Kentucky based on representations made in a prior lawsuit and public information about AROP. (Doc. # 43 at 5-7, 9-10). Plaintiff alternatively relies on an "alter-ego" theory to establish personal jurisdiction by asserting that all of the Defendants "are [ ] essentially the same entity." (*Id.* at 9-11). In the event the Court finds that Plaintiff has not met his burden of demonstrating personal jurisdiction at this time, Plaintiff requests that the Court permit limited jurisdictional discovery regarding the structure of AROP and its contacts with Kentucky. (*Id.* at 12-13).

## II. ANALYSIS

### A. Standard of Review

Defendant AROP brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. When faced with a motion to dismiss for lack of personal jurisdiction, the court may make a ruling based on the pleadings and affidavits alone, permit discovery to assist in deciding the motion, or conduct an evidentiary hearing. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017) (citing *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017)). Plaintiff bears the burden of establishing that the court has personal jurisdiction over the Defendant. *Id.* When the court decides the motion based solely on the parties' affidavits without

conducting an evidentiary hearing or ordering discovery, the plaintiff's burden of demonstrating jurisdiction is slight; the plaintiff need only make a prima facie showing that personal jurisdiction exists. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Further, in such circumstances, "the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh 'the controverting assertions of the party seeking dismissal.'" *Air Prods.*, 503 F.3d at 549 (quoting *Theunissen*, 935 F.2d at 1459). The court's decision regarding whether to grant discovery to assist in deciding the motion is discretionary. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2015)). "If jurisdiction hinges on facts not readily available to the plaintiff, 'courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.'" *Branson v. All. Coal*, No. 4:19-cv-155, WL 1031002, at *1 (quoting *Toys R Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003)).

Where the court's subject matter jurisdiction arises from a federal question, as is the case here, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (alterations in original) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Because Kentucky's long-arm statute is "narrower in scope than the federal due process clause," *Cox v. Koninklijke Philips, N.V.*, 647 F. App'x 625, 628 (6th Cir. 2016) (citing *Caesars Riverboat Casino,*

4

*LLC v. Beach*, 336 S.W.3d 51, 55-57 (Ky. 2011)), the Court must first determine whether jurisdiction over AROP comports with Kentucky's long-arm statute and then conduct the federal due process analysis, *see Hall v. Rag-O-Rama, LLC*, 359 F. Supp. 3d 499, 505 (E.D. Ky. 2019).

B.  **Applicability of Kentucky's Long-Arm Statute**

Plaintiff neglects to engage in analysis concerning how the Court's jurisdiction over AROP would comply with Kentucky's long-arm statute and instead appears to argue that the statute does not apply because AROP is a resident of Kentucky. This argument is unpersuasive. Because AROP is a nonresident, the Court must assess whether the requirements of the long-arm statute are met.

Kentucky's long-arm statute lists nine categories of conduct, that, if demonstrated, support a finding of personal jurisdiction. Ky. Rev. Stat. § 454.210(2)(a). For example, one such category is that the defendant transacts any business in Kentucky. *Id.* § 454.210(2)(a)(1). In addition, the statute contains a separate requirement that a plaintiff's claim "arise[] from" the enumerated conduct. *See id.* § 454.210(2)(b); *Caesars*, 336 S.W.3d at 58-59. Plaintiff does not specify which enumerated category of conduct in the Kentucky long-arm statute he is relying upon to establish the Court's personal jurisdiction over AROP. Nor does Plaintiff specifically argue that his claims arise out of conduct enumerated in the Kentucky long-arm statute. It appears that Plaintiff neglects to argue that the requirements of the Kentucky long-arm statute are met because he does not believe that the statute applies. Plaintiff argues that AROP is a Kentucky citizen based on representations Defendants made in a prior, unrelated lawsuit. (*See* Doc. # 43 at 5-6). Whether AROP is a citizen of Kentucky is relevant because the requirements of the

Kentucky long-arm statute apply only to "nonresident[s]" of the Commonwealth. Ky. Rev. Stat. § 454.210(1). More specifically, Kentucky's long-arm statute applies to "person[s]," which "include[] an individual . . . or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this Commonwealth." *Id.* at § 454.210(1). Thus, it is possible that by arguing AROP is a citizen of Kentucky, Plaintiff intended to argue that Kentucky's long-arm statute is inapplicable.

The Kentucky long-arm statute does not define "resident" or "nonresident." But it is apparent from caselaw applying the statute that the relevant indicators of residency over a limited partnership like AROP are where the partnership is formed and where its principal place of business is located. *See, e.g.*, *H.E.B., LLC v. Jackson Walker, L.L.P.*, 587 S.W.3d 333, 335, 338-39 (Ky. Ct. App. 2019) (treating defendant Jackson Walker, L.L.P. as a nonresident and applying long-arm statute where defendant is described as "a Texas law firm headquartered in Dallas, Texas"); *Hall*, 359 F. Supp. 3d at 503 (applying Kentucky long-arm statute to an Ohio limited liability company with its principle place of business in Columbus, Ohio). Here, the Complaint alleges—and it is not disputed—that AROP is a limited partnership organized under the laws of Delaware with its principle place of business located in Tulsa, Oklahoma. (Doc. # 1 at ¶ 15). Thus, AROP is a nonresident for purposes of assessing personal jurisdiction under the Kentucky long-arm statute, and Plaintiff must demonstrate that exercising jurisdiction over AROP would comport with the statute's requirements.

Plaintiff's reliance on the citizenship of AROP's members to argue that AROP is a resident of Kentucky is also misguided. In support of his argument that AROP is a resident of Kentucky, Plaintiff points to representations Defendants made about the

6

citizenship of AROP in another lawsuit in the context of a motion to dismiss for lack of *subject matter jurisdiction.* (See Doc. # 43 at 5-6) (citing Docs. # 43-4 (Defs. Memo. in Support of Motion to Dismiss, *Travis v. All. Coal, LLC*, No. 4:11-cv-46-JMH (W.D. Ky. May 27, 2011)) and 43-5 (Affidavit of R. Eberley Davis)). In that lawsuit, Defendants asserted that AROP was a citizen of Kentucky for purposes of diversity jurisdiction based on the citizenship of AROP's members. (Doc. # 43-4 at 4, 13-14). In the context of subject matter jurisdiction based on diversity, the citizenship of a limited liability corporation includes the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Yet, courts have found that the citizenship of a limited partnership's members is not relevant to personal jurisdiction analysis, as "[t]he concepts of subject-matter and personal jurisdiction . . . serve different purposes, and these purposes affect the legal character of the two requirements." *Tenn. Ins. Gaur. Ass'n v. Penguin Random House, LLC*, 271 F. Supp. 3d 959, 966 (M.D. Tenn. 2017) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)) (collecting cases). Plaintiff's argument that AROP is a resident of Kentucky for purposes of personal jurisdiction is accordingly unpersuasive. Moreover, Plaintiff's alter-ego theory does not further Plaintiff's argument that AROP is a citizen of Kentucky, as each of the other entity Defendants are similarly organized under the laws of Delaware with principal places of business in Oklahoma. (Doc. # 1 at ¶¶ 13, 14, 16, 17, 19).

Plaintiff has wholly failed to address whether the Court may exercise jurisdiction over AROP under the Kentucky long-arm statute. However, viewing the pleadings and affidavits in the light most favorable to Plaintiff, jurisdictional discovery is warranted because Plaintiff has demonstrated some evidence that AROP is an alter-ego of other

Defendants. If Plaintiff can demonstrate that AROP is the alter-ego of one or more of the Defendants that conducted business in Kentucky, the Court's exercise of personal jurisdiction over AROP may be appropriate under the Kentucky long-arm statute, as well as federal due process requirements.

### C.  Alter-Ego Theory

The Sixth Circuit has recognized that personal jurisdiction may be asserted over a corporation that would otherwise not be subject to the court's jurisdiction "when the [ ] corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)). Because Plaintiff asserts both federal and state claims, the Court must assess the alter-ego theory under federal and Kentucky law. *See Anwar*, 876 F.3d at 848.

#### 1. Federal Law

Under federal law, to establish jurisdiction under an alter-ego theory, Plaintiff "must demonstrate 'unity of interest and ownership' that goes beyond mere ownership and shared management personnel.'" *Id.* at 849 (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015)). Factors a court may consider to assist with this analysis are: whether the two entities (1) share the same employees and officers, (2) engage in the same business enterprise, (3) share the same address and phone lines, (4) use the same assets, (5) complete the same jobs, (6) share the same books, tax returns, and financial statements, and (7) exert control over the daily affairs of another corporation. *Id.*

8

In support of the alter-ego theory, Plaintiff notes that ARMG is the managing partner of both ALRP, (Doc. # 43 at 2), and AROP, (Doc. # 28-2 at ¶ 1). R. Eberley Davis also indicated in his affidavit in the prior *Travis* case that he is both the Senior Vice President, General Counsel, and Secretary of ARMG and of Alliance Coal. (Doc. # 43-5 at ¶¶ 1-2). Davis further stated in the prior affidavit that he has maintained a business office in Lexington, Kentucky since 2007. (*Id.* at ¶ 1). In addition, according to a Dun & Bradstreet corporate profile, Defendant AROP has one listed employee—Joseph Craft— who is also listed as the Chief Executive Officer and Director of Alliance Coal and supposedly "indirectly owns [ARLP]." (Doc. # 43 at 6) (citing Doc. # 43-7). According to Plaintiff, Craft like Davis, conducts Defendants' business mainly in Kentucky. (Doc. # 43 at 6). Finally, Plaintiff's Complaint lists the same address in Tulsa, Oklahoma as the principal place of business for each of the entity Defendants, as well as the same address in Lexington, Kentucky for purposes of effectuating service upon each of the Defendants. (Doc. # 1 at ¶¶ 13-19).

Based on the facts presented thus far, Plaintiff has demonstrated some evidence of shared management between ARMG, ALRP, Alliance Coal, and AROP by way of R. Eberley Davis and between ALRP and AROP by way of Joseph Craft. This plus the evidence of shared addresses among the entity Defendants and evidence that the Defendants are engaged in the same business enterprise is insufficient, even under the lenient prima facie standard, to conclusively establish that Defendant AROP operates as the alter-ego of its fellow parent Defendants. However, Plaintiff has put forth *some* evidence that this may be the case. In addition, the pertinent facts needed to properly assess Plaintiff's alter-ego theory are not likely to be found in publicly available sources.

Thus, the Court will permit limited jurisdictional discovery into the relationship between AROP and ARMG, ALRP, and Alliance Coal prior to making a final determination regarding personal jurisdiction over Defendant AROP. *See Branson*, 2021 WL 1031002, at *1 ("If jurisdiction hinges on facts not readily available to the plaintiff, 'courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.'") (quoting *Toys R Us*, 318 F.3d at 456).

However, Plaintiff has not set forth sufficient facts to warrant discovery into AROP's relationship to the subsidiary Defendants Excel Mining and MC Mining. In support of this theory Plaintiffs asserts that the parent Defendants, including AROP, exert control over the subsidiary Defendants via the promulgation of uniform policies. (Doc. # 43 at 4, 10) (citing a uniform conflicts of interest policy as one such example). Yet, the existence of uniform policies does not indicate that the relationship extends beyond mere shared ownership to the extent that a "unity of interest" between AROP and the subsidiaries would likely be uncovered with discovery. *See Anwar*, 876 F.3d at 849 (describing "unity of interest" as requiring "pervasive control over the subsidiary . . . from broad policy decisions to routine matters of day-to-day operation") (quoting *Ranza*, 793 F.3d at 1073). As there is no evidence suggesting AROP was involved in the day-to-day ongoings of Excel Mining and MC Mining, jurisdictional discovery will be limited to the possible alter-ego relationship between AROP and ARMG, ARLP, and Alliance Coal.[2]

---

2     Although the Western District of Kentucky, in *Branson*, limited jurisdictional discovery to the possible alter-ego relationship between AROP and ARLP, *Branson*, 2021 WL 1031002, at *4, the Court finds based on the facts presented in this case that discovery is also warranted regarding the possible alter-ego relationship between AROP and Alliance Coal and ARMG.

10

## 2. State Law

Under Kentucky law, to assess a possible alter-ego relationship between AROP and the other Alliance entities, the Court must consider whether there is "domination of the corporation resulting in a loss of corporate separateness" and whether "circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 165 (Ky. 2012). To assess the elements of dominion and the loss of corporate separateness, Kentucky courts use the following list of questions for guidance:

   a) Does the parent own all or most of stock of the subsidiary?

   b) Do the parent and subsidiary corporations have common directors or officers?

   c) Does the parent corporation finance the subsidiary?

   d) Did the parent corporation subscribe to all of the capital stock of the subsidiary or otherwise cause its incorporation?

   e) Does the subsidiary have grossly inadequate capital?

   f) Does the parent pay the salaries and other expenses or losses of the subsidiary?

   g) Does the subsidiary do no business except with the parent or does the subsidiary have no assets except those conveyed to it by the parent?

   h) Is the subsidiary described by the parent (in papers or statements) as a department or division of the parent or is the business or financial responsibility of the subsidiary referred to as the parent corporation's own?

   i) Does the parent use the property of the subsidiary as its own?

   j) Do the directors or executives fail to act independently in the interest of the subsidiary, and do they instead take orders from the parent, and act in the parent's interest?

   k) Are the formal legal requirements of the subsidiary not observed?

*Id.* at 163-64. The "most critical factors" are "grossly inadequate capitalization, egregious failure to observe legal formalities and disregard[] of distinctions between parent and subsidiary, and a high degree of control by the parent over the subsidiary's operations and decisions, particularly those of a day-to-day nature." *Id.* at 164.

As noted above, there is some evidence of common directors and officers among AROP and ARMG, ARLP, and Alliance Coal. (*See* Docs. # 43-5 at ¶¶ 1-2 and 43-6). In addition, ARLP owns 98.9899% of the interest in AROP, which in turn owns 99.999% of the interest in Alliance Coal. (*Id.* at 2, n.1). Moreover, Davis has asserted that AROP does not have any officers or employees, (Doc. # 28-3 at ¶ 4), which indicates that it is not acting independently of the other Alliance entities. While the Court lacks sufficient facts to assess many of the factors listed above, these facts are not likely readily available to Plaintiff, and thus discovery regarding the relationship between AROP and ARMG, ARLP, and Alliance Coal would be beneficial. In addition, further discovery is needed to assess the second prong: whether "circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Techs*, 360 S.W.3d at 165.

At the same time, like with the federal test, Plaintiffs have not demonstrated under the Kentucky alter-ego test that further discovery is warranted into a possible alter-ego relationship between AROP and Excel Mining and MC Mining. Aside from shared, broad policies, Plaintiff has not set forth any supported allegations that AROP is involved in the day-to-day functioning of the two subsidiary Defendants.

12

### D. Kentucky long-arm statute

If Plaintiff succeeds in establishing an alter-ego relationship between AROP and another of the Alliance Coal entities, he will likely be able to demonstrate that the Court's personal jurisdiction over AROP is proper under Kentucky's long-arm statute. Although Plaintiff does not specifically address the Kentucky long-arm statute at this time, Plaintiff does allege (in the context of his specific jurisdiction argument) that "AROP has purposefully availed itself of the privilege of conducting business in Kentucky -- the state where the alleged wage and hour violations occurred." (Doc. # 43 at 2). Thus, the Court assumes that Plaintiff would rely on the first category enumerated in the Kentucky long-arm statute which allows for the exercise of jurisdiction over nonresident defendants who "[t]ransact[] any business in [the] Commonwealth." Ky. Rev. Stat. § 454.210(2)(a)(1). As there is evidence that Alliance Coal, ARLP, and ARMG transact business in Kentucky, (*see* Docs. # 28-3 at ¶ 1, 43 at 2, 6, 43-5 at ¶¶ 1-2, and 43-7), if an alter-ego relationship is established between one or more of these entities and AROP, the first part of the Kentucky long-arm statute would likely be met. Plaintiff would, of course, also be required to demonstrate that his claims "arise" from that conduct in Kentucky. *See id.* § 454.210(2)(b); *Caesars*, 336 S.W.3d at 58-59. Because Plaintiff's claims relate to the Defendants' alleged wage and hour/overtime compensation violations at the MC Mining complex located in Kentucky, it may be possible for Plaintiff to demonstrate that AROP, by way of its alter-ego relationship, participated in policy decisions or oversight giving rise to the alleged violations.

### E. Due Process

To establish personal jurisdiction over an out-of-state defendant, the plaintiff must establish "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Air Prods.*, 503 F.3d at 549 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Id.* at 549-50. Although Plaintiff has not demonstrated either general or specific jurisdiction over AROP at this time, jurisdictional discovery into a possible alter-ego relationship between AROP and ARMG, ARLP, and Alliance Coal is warranted.

#### 1. General Jurisdiction

To establish general jurisdiction over a defendant, the court must find that the defendant's contacts with the forum state are so "continuous and systematic" as to render it "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 (2014). When general jurisdiction is established, the court's jurisdiction exists for "any and all claims" against the defendant, regardless of whether the claims arise from defendant's conduct in the state. *Id.* at 137. Generally, a corporate defendant is considered "at home" in the state of incorporation and principal place of business. *Id.* at 137. However, a corporate defendant may be found "at home" in other circumstances when, for example, the corporation's officers directs all of the company's activities from an office located in the forum state. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952). Although AROP (and the other Alliance Coal entities) are organized under the laws of Delaware with their principal places of business in Oklahoma, (Doc. #

14

1 at ¶¶ 13-19), Plaintiff has provided some evidence that AROP is being run by an individual from an office in Kentucky—Davis or Craft, (*see* Docs. # 43 at 6, 43-5 at ¶¶ 1-2). This information is not sufficient to establish that AROP is essentially at home in Kentucky; however, with further discovery, it is possible Plaintiff will be able to demonstrate as much.

### 2. Specific Jurisdiction

Specific personal jurisdiction is established under a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods.*, 503 F.3d at 550 (quoting *S. Mach. Co v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). The Sixth Circuit has commented that the first prong—purposeful availment—is the "sine qua non for in personam jurisdiction" and thus, "arguably the most important" factor. *Id.* (quoting *Mohasco*, 401 F.2d at 381-82). In light of the need for jurisdictional discovery, the Court need not dive into specific jurisdiction analysis at present. Nevertheless, should Plaintiff later demonstrate that AROP regularly conducts business related to the operation of the Excel Mine from Kentucky via one of the other parent entity Defendants, he would likely be able to meet the purposeful availment prong. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (holding that purposeful availment is met when a defendant creates a "substantial connection" with the forum state such that he "should reasonably anticipate being haled into court there") (internal quotations omitted). So long as he could demonstrate AROP's (or an alter-ego Defendant's) operations in Kentucky related to the promulgation or enforcement of the

15

challenged wage and hour/overtime policies, the second prong would also likely be met. Finally, depending on the extent of the Defendant's involvement, Plaintiff may be able to show that specific personal jurisdiction over AROP would be reasonable. Because these determinations hinge on the outcome of jurisdictional discovery regarding Plaintiff's alter-ego theory, further scrutiny under the three-prong test is not warranted at this time.

### F. Scope of Discovery

In its reply brief, Defendant objects to certain discovery requests that Plaintiff has propounded as overbroad and requests that the Court limit discovery to (1) AROP's activities in Kentucky, if any, within the relevant statutory period, and (2) AROP's control over or interaction with (or lack thereof) Excel. (Doc. # 44 at 13). Based on the above discussion, Defendants' objection is not well-taken, and Plaintiff will be permitted to conduct limited jurisdictional discovery related to the possible alter-ego relationship between AROP and ARMG, ARLP, and Alliance Coal. Should Defendant have further, specific objections to Plaintiff's discovery request, the parties are directed to follow the three-step procedure for discovery disputes outlined in the Referral Order to the United States Magistrate Judge (Doc. # 54).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant Alliance Resource Operating Partners, L.P.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 28) is **denied without prejudice**;

(2) Defendant's Motion for Leave to Respond to Plaintiff's Notice of Supplemental Authority (Doc. # 64) is **granted**; and

16

(3) Discovery on the issue of personal jurisdiction shall be completed by no later than **Monday, October 18, 2021**.

This 20th day of July, 2021.

Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\PikeCivil\2020\20-41 Order on MTD.docx